## WILLIAM PAGE *vs.* REUBEN R. THRALL.

A promise in writing to pay the amount of an execution to the attorney of the creditor, on condition of an assignment of the execution to the promissor, is valid, the debtor being discharged forthwith from custody, and the assignment made when payment was demanded.

This action was tried in the county court, and came up to this Court on the following bill of exceptions allowed at the trial.

" The plaintiff declares, that on the 19th day of May, 1828, the defendant, in consideration, that the plaintiff would assign all the right of the plaintiff in interest in an execution in favor of *Charles K. Williams* vs. *Jesse Gove,* issued on a judgment, recovered before the *Rutland* county court, April term, 1828, agreed to and with the plaintiff, to pay him, the plaintiff, the amount of said execution, being $55 87, in the life of said execution : and avers, that, on the 20th June, 1828, within the life of said execution, he made and tendered to the defendant an assignment of all the rights and interest of the plaintiff in interest in said execution ; by reason of which the defendant became liable in law to pay the plaintiff the said sum of $55 87 ; and being so liable as aforesaid, then and there promised the plaintiff to pay him, &c. To this declaration the *general issue* was pleaded.— On the trial of the cause, the plaintiff first read the execution, as set forth in the declaration ; and next the following agreement, viz : " In consideration, that *William Page, Esq.* will assign to " me all the rights of the plaintiff in interest, in an execution in " favour of *Charles K. Williams,* against *Jesse Gove,* now in the " hands of *Maj. Page,* issued on a judgement, recovered before " the county court, A. T. 1828, I agree to pay him the amount " of said execution, being $55 87, in the life of said execution.

(Signed) " *Reuben R. Thrall.*"

" *Rutland,* 19th May, 1828."

On the back of which was the following endorsement viz : " I " assign, to *Reuben R. Thrall,* all the interest of the plaintiff in " interest in the execution mentioned within, and authorize him to " pursue, and prosecute, all the legal remedies to collect the same, " in the name of the plaintiff, without recourse to him, or me.— " 20 June, 1828." This endorsement was in the hand writing of the defendant, and signed, "William Page, plaintiff's attorney." The plaintiff then introduced *Abel Page,* the constable of *Rutland,* who testified, that, on the 13th May, 1828, the plaintiff delivered to him the aforesaid execution, dated 21 April, 1828, and returnable in sixty days from date, and directed him to commit *Gove* before he should go to *Windsor,* unless he would secure it ; that, on the 19th day of May, 1828, in the evening, he took *Gove*

Rutland,
February,
1830.

Page
vs.
Thrall.

in custody; that *Gove* offered to give bail, that he would return in the life of the execution; which he declined receiving—That *Gove* then said, he would be committed and give a jail bond; that he, the officer, accordingly prepared his bond, and made, but did not sign, a return of having committed *Gove*—That the defendant then delivered the written agreement, as set forth, to him, the officer; that he took it to *William Page*, and asked him, whether it was satisfactory? and he answered it was; and thereupon he, the officer, returned to *Gove*, and informed the defendant and *Gove*, that the writing was satisfactory to the plaintiff; and it being acceded to by *Gove* and the defendant, he thereupon released *Gove* from custody, and erased the aforesaid return; that, the next day, he, the officer, called on plaintiff, and plaintiff directed him to make out his fees, and he, plaintiff, would pay him, and accordingly took back the execution from him, but immediately returned it to him, saying he had better keep it, and receive the money—That, on the 20th of June, 1828, which was the last day of the life of said execution, he called on the defendant for the money, and was told, plaintiff had not complied with the condition in the agreement; that he called on plaintiff, who went with him to defendant's office; that defendant wrote the aforesaid assignment, and plaintiff signed it; and defendant counted out the money; that defendant then told him, the officer, he should leave the officer to commit *Gove* in the life of the execution; that the officer then said, he hoped plaintiff would not make him liable on the execution, as he understood *Gove* was out of the state; that plaintiff then took the execution from him, the officer, observing that he would rather lose the debt, than have it collected from the officer under such circumstances; and then tendered the execution and assignment to defendant, and demanded the money, which the defendant refused to pay—that, at this time, and for some weeks before, *Gove* had been absent from the state; that defendant was a boarder in *Gove's* family, and the fact of his absence was known to defendant. After the evidence aforesaid had been submitted to the jury, and before they had made up their verdict on the same, the defendant requested the court to charge the jury, that, at the time the contract was executed and delivered by the defendant, on the 19th May, 1828, and before the assignment, the contract was all on one side; that the plaintiff was not bound to comply with the conditions of the contract, and consequently it was not binding upon the defendant; that, until the conditions had been fulfilled by the plaintiff, and accepted by the defendant, the contract

Rutland,
February,
1830.

Page
vs.
Thrall.

was a *nudum pactum* ; and that the plaintiff, by discharging the officer from his liability on said execution, had deprived the defendant of one of the rights which the plaintiff in interest in said execution had in it at the time of making the contract of the 19th May, 1828 ; and the assignment of the execution, after having discharged the officer, was not a compliance with the conditions of the agreement; and the defendant was not bound to pay the money, unless the conditions of the contract had been strictly complied with by the other party. And the defendant further requested the court to charge the jury, that they must find the minds of the parties met on the 20th of June, 1828, and that the plaintiff agreed to assign the execution, and the defendant agreed to receive the assignment, and promised to pay the money ; or they must find for the defendant to recover his cost. All of which the court refused to charge as requested by the defendant; but did charge the jury, that, if they believed the testimony of *Abel Page*, the officer, that he carried the writing aforesaid to *William Page* ; that *William Page* informed him it was satisfactory, and that the officer returned and communicated this to *Gove* and to the defendant, and they were satisfied with it, and in consequence thereof, the officer discharged *Gove* from custody ; and that *William Page* took back the execution and tendered it with the assignment to the defendant, that it was a substantial compliance with the condition of the writing aforesaid, and they would find for the plaintiff.

The jury returned a verdict for the plaintiff. The defendant excepted," &c.

The case now came before the Supreme Court on a motion for a new trial, founded on an alleged error in the charge of the county court to the jury.

*Argument for the plaintiff.*—The plaintiff contends, that the contract between plaintiff and defendant was completed on the 19th day of May, when defendant made his proposition, which was accepted by the plaintiff, and that communicated to defendant. —That it was no part of the contract that the execution should be left in the hands of the officer ; and the plaintiff would have been guilty of a dishonest, and dishonorable act, had he permitted the defendant to have sued the officer—That defendant was liable on his contract at all events, if plaintiff was ready to assign the interest of the plaintiff in the execution against *Gove*, agreeably to the terms thereof. *Gove* was released from custody with the knowledge and consent of defendant ; and the officer would not have been justified in retaking him, nor could the defendant in-

OF THE STATE OF VERMONT.

RUTLAND,
February,
1830.

Page
vs.
Thrall.

sist, that the officer should commit *Gove*, when his absence from the state rendered it impossible, and that known to the defendant.

*Argument for the defendant.*—The defendant contends, that he was not liable on the promise set forth in the plaintiff's declaration, inasmuch as it was a mere proposition on his part, to pay in consideration that the plaintiff would assign to him, the defendant, all the rights of the plaintiff in interest in the execution therein described ; and, that the conditions contained in the writing were not complied with by the plaintiff; for that he refused to assign the execution until he had first discharged the officer from his liability on said execution, and thereby discharged one of the rights of the plaintiff in interest that existed at the time of making the proposition—That the plaintiff did not accept the terms proposed, in such a manner as to enable the defendant to compel the plaintiff to make the assignment prior to the 20th June. If both are not bound, neither are bound. On the 20th June, the minds of the parties did not meet. It appears, that the plaintiff kept the proposition from the 19th of May to to the 20th of June, without giving the defendant any notice that he intended to comply with the conditions ; and, during that time, the debtor in the execution had left the state.

The defendant contends, that the plaintiff could not controul the execution for thirty days, and then compel the defendant to comply with the proposition, after a material change in the circumstances of the debtor in the execution—That the assignment from the plaintiff was a *condition precedent*, and the right of action could not exist until that condition had been strictly complied with.—*Brayton*, 43.—*Penfield* vs. *Fillmore*, 6 *T. R.* 710.— That the promise was not binding until accepted by the promisee ; and until then, the promiser was at liberty at any time to retract. —*Powell on Con.* 334.—3 *T. R.* 653, *Cook* vs. *Oxley.*—1 *Aik. Rep.* 344, *Towslee* vs. *Dana.*—That the charge of the court was manifestly erroneous in this, that they charged the jury, "if they believed the testimony of *Abel Page*, they must find for the plaintiff ;" and also in this, that they refused to charge as requested by the defendant.

HUTCHINSON, J. after stating the case, delivered the opinion of the Court.—All the plausibility there is in the argument in behalf of the defendant results from a supposition, that the assignment of the execution from *Page* to the defendant, must have been made contemporaneously with the promise of the defendant, or that the promise was without consi'  tion. This construction

would give the debtor in the execution all the benefit of the contract, and the plaintiff have no security ; because the plaintiff, on receiving the promise of the defendant, discharged the debtor from custody on the execution, which would operate as a discharge of the execution as respects the creditor, and the assignment, contracted for, would answer every purpose to the defendant, if made any time before he was to pay the execution, and before payment was demanded ; which was done in the present case. It further appears, that all parties then understood the business in this way. The debtor was in actual custody ; his release from custody, by consent of the creditor, or his attorney, would be a discharge of the debt. This release, and that immediately, was to be, and was, the effect of the defendant's promise : the defendant undertook at the request, and in behalf of *Gove*, the debtor in the execution. When payment was demanded, the defendant himself wrote an assignment, which the plaintiff executed and was ready to deliver, and the defendant counted out the money, as if ready to pay, before he concluded to refuse payment; and then he would leave the officer to commit the debtor, when he was not liable to commitment, by reason of his discharge thus procured by the defendant's promise : and, if liable, he had taken advantage of his release, and gone a journey out of the state ; so that he could not be had for commitment. All things concur to show, that the parties, themselves, understood the whole contract, as they might well understand it ; that *Gove* was to be discharged forthwith, and the assignment to be made at the time of payment. This receives confirmation from the circumstance, that the defendant wrote the assignment on the back of his written promise, when the same was presented to be given up on payment.

But the defendant urges, that the claim upon the officer for the escape of *Gove* was to have been assigned to him, and was included in the assignment he wrote ; and that this was destroyed by the plaintiff's refusing to admit such a claim against the officer. This suggestion is answered by the bare statement of the case. There could be no claim against the officer ; for he had done his duty in all respects. The discharge, procured by the defendant's promise, was as good a discharge to the officer, as it was to *Gove* ; and the manly feelings of the plaintiff in refusing to set up a claim against the officer, were as much the result of legal obligation as of sound morals.

The judgement of the county court is affirmed.

*Williams* and *Ormsbee,* for plaintiff.

Defendant, *pro se.*